Filed 3/8/24  P. v. Geebroomfield CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRION GEEBROOMFIELD,<br><br>    Defendant and Appellant.</td><td>E082641<br><br>(Super.Ct.No. BAF1701131)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  Francisco Navarro, Judge Affirmed.

Darrion Geebroomfield, in pro. per.; Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Darrion Geebroomfield appeals from the trial court's order denying his petition for resentencing pursuant to Penal Code[1] former section 1171.1 (now renumbered section 1172.75).  For the reasons set forth *post*, we affirm the trial court's order.

## STATEMENT OF THE CASE

On November 2, 2017, an information charged defendant with corporal injury on a spouse or cohabitant under section 273.5, subdivision (f)(1) (count 1); assault likely to produce great bodily injury under section 245, subdivision (a)(4) (count 2); willfully and unlawfully use of force inflicting serious bodily injury under section 245, subdivision (d) (count 3); and violating a protective order under section 166, subdivision (c)(4) (count 4). As to counts 1 and 2, the information also alleged that defendant personally inflicted great bodily injury under sections 12022.7, subdivision (e), and 1192.7, subdivision (c)(8).  Moreover, as to count 3, the information alleged that defendant personally inflicted great bodily injury under section 1192.7, subdivision (c)(8).

On April 12, 2018, defendant pled guilty to corporal injury on a spouse or cohabitant (count 1), and admitted the section 12022.7 enhancement.  The trial court dismissed the remaining counts and enhancements.  Thereafter, the court sentenced defendant to 60 months of formal probation.

One year later, on April 5, 2019, the court found defendant in violation of probation.  Thereafter, the court sentenced defendant to four years for count 1 plus four

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

years for the section 12022.7 enhancement, to be served concurrently, for a total of eights years.

On September 25, 2023, defendant filed a petition to recall of sentence and resentencing under section 1172.75.

On September 27, 2023, the trial court denied defendant's petition because defendant was ineligible for relief.

On November 13, 2023, defendant filed a timely notice of appeal.

## DISCUSSION

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436, *Anders v. California* (1967) 386 U.S. 739, and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). In the brief, pursuant to *Anders*, appellate counsel has identified the following issue to assist the court in its search of the record for error: "Whether appellant is eligible for recall of his sentence and resentencing pursuant to section [1172.75]."

On January 23, 2024, we sent notice to defendant regarding the filing of a *Delgadillo* brief, as follows: "Counsel for appellant has filed a brief stating no arguable issues can be found. Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*People v. Delgadillo* (2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion.

3

(*Delgadillo*, *supra*, 14 Ca1.5th 216[.])  Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On February 14, 2024, defendant filed a three-page handwritten supplemental brief with attachments.  In the brief, defendant asks this court to consider the following: (1) his age of 23 years and being under the influence of drugs and alcohol when he committed the underlying offense; (2) his mental health issues during the time he committed the underlying offense; (3) his "age at the time of the crime as a mitigating factor[;]" (4) the psychological trauma caused by his mental illness "that contributed to the offenses[;]" (5) his age of 23 years being "a contributing factor in the commission of the offense that would require imposition of the lower term pursuant to Penal Code section 1170, subdivision (b)(6)[;]" and (6) his past of being "physically abused as a child and during the time of my offenses, [he] was experiencing flashbacks of [his] stressful past.  [He] was jumped/beaten by two men at the age of 15.  [His] prior trauma played a role in the commission of the offenses."  Notwithstanding defendant's request to consider his mitigation circumstances, we find no merit to his arguments.

Here, the appeal stems from the trial court's denial of defendant's petition for resentencing under section 1172.75.  This section states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of

4

[s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."[2] (§ 1172.75, subd. (a).)

In this case, the trial court imposed an enhancement under section 12022.7, subdivision (e), not section 667.5. Hence, defendant's sentence does not include any enhancements imposed under section 667.5, subdivision (b). Moreover, nothing in section 1172.75 allows a trial court to go back and consider defendant's mitigating circumstances to resentence defendant, as argued by defendant in his personal brief.

Based on the above and our independent review of the record, we find that the trial court correctly determined defendant is ineligible for relief under section 1172.75. (*Delgadillo*, *supra*, 12 Cal.5th at p. 233.)

## DISPOSITION

The trial court's order denying defendant's section 1172.75 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

---

[2] Prior to January 1, 2020, section 667.5, subdivision (b)b required trial courts to impose a one-year sentence enhancement for each true finding on an allegation that a defendant had served a separate prior prison term and had not remained free of custody for at least five years. (§ 667.5, former subd. (b).) Effective January 1, 2020, however, the statute was amended to limit its prior prison term enhancement to only prior prison terms for sexually violent offenses as defined in Welfare and institutions Code section 6600. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

McKINSTER
                  Acting P. J.


RAPHAEL
                      J.